UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE (A.S.),[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1039-B |
| | § | |
| SALESFORCE, INC., | § | |
| BACKPAGE.COM, LLC, and | § | |
| CARL FERRER, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Jane Doe Plaintiffs' Motion to Remand (Doc. 10). Because Defendant Salesforce, Inc. properly removed this case to this Court, the Court **DENIES** the Motion.

### I.

### BACKGROUND

These consolidated cases concern liability under a Texas sex-trafficking statute. The Jane Doe Plaintiffs filed separate cases in Texas state court alleging identical claims under Section 98 of the Texas Civil Practice and Remedies Code against Defendants Salesforce, Inc.; Backpage.com, LLC ("Backpage"); and Carl Ferrer; Backpage's former CEO. *See, e.g.,* Doc. 1-5, Orig. Pet., ¶¶ 133, 147, 160, 167. On May 10, 2023, Salesforce removed these cases to this Court. *E.g.*, Doc. 1, Notice

---

[1] On June 20, 2023, the Court consolidated the following cases: 3:23-cv-1039, 3:23-cv-1040, 3:23-cv-1042, 3:23-cv-1044, 3:20-cv-1045, 3:23-cv-1046, 3:23-cv-1047, 3:23-cv-1048, 3:23-cv-1049, 3:23-cv-1050, 3:23-cv-1051, 3:23-cv-1052, 3:23-cv-1056, 3:23-cv-1057, 3:23-cv-1058, 3:23-cv-1059, 3:23-cv-1071, 3:23-cv-1110, and 3:23-cv-1122. *See* Doc. 11, Mem. Op. & Order, 6–7. This case was designated as the lead case. *Id.* at 7.

Removal. Salesforce alleged these cases were "properly removable because complete diversity of citizenship exists, the amount in controversy exceeds $75,000, and [the Jane Doe Plaintiffs] ha[d] not properly served Backpage.com, LLC or Carl Ferrer, the only forum-state defendants." *E.g., id.* at 1. The Jane Doe Plaintiffs then filed their Motion to Remand, claiming both Backpage and Ferrer had been served but did not consent to removal. Doc. 10, Mot. Remand, 1. The Court considers the Motion below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (internal quotation omitted). Because the burden falls on a defendant to establish jurisdiction in a removed case, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). This diversity "must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

While 28 U.S.C. § 1441(a) permits a defendant to remove any civil action that falls within the original jurisdiction of the district courts, "[w]hen a civil action is removed solely under Section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "If one defendant refuses to consent, the removal is procedurally defective and the case should be remanded upon timely challenge by the plaintiff." *Couch v. Howard*, 2006 WL 1627916, at *1 (N.D. Tex. June 8, 2006) (Fish, J.) (citing *Doe v. Kerwood*, 969 F.3d 165, 167 (5th Cir. 1992)).

### III.

### ANALYSIS

The Jane Doe Plaintiffs argue that Backpage and Ferrer were "properly joined and served" under § 1446(b)(2)(A), and thus, their consent was necessary for removal.[2] *See* Doc. 10, Mot. Remand, 2. First, the Jane Doe Plaintiffs attach to their Motion a Rule 11 Agreement ("the Agreement"), pursuant to Texas Rule of Civil Procedure 11, between their counsel and Ferrer's counsel. *See* Doc. 10-1, Ex. A, 1. This Agreement, signed nearly a month after Salesforce removed these cases to this Court, purports to "memorialize [a] prior agreement regarding proper service of Plaintiffs' lawsuit on Defendant Carl Ferrer." *Id.* In this Agreement, the parties agree Ferrer's counsel will accept service of any further cases by email and states Ferrer was served May 1, 2023.

---

[2] While the Jane Doe Plaintiffs do not challenge whether diversity jurisdiction is satisfied, the Court must still determine if this Court has subject matter jurisdiction over this case. "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (internal quotation omitted). Thus, this Court is "duty-bound to examine the basis of subject matter jurisdiction in all cases before it, whether or not the parties raise the issue." *See Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 228 (5th Cir. 2014) (internal quotation omitted). Here, the Court finds diversity jurisdiction exists. Backpage and Ferrer are both citizens of Texas. Doc. 1, Notice Removal, ¶¶ 8–9. Salesforce is a citizen of Delaware and California. *Id.* ¶ 4. None of the Jane Doe Plaintiffs are citizens of these states. *See, e.g.*, Doc. 1-5, Orig. Pet., ¶ 26. Further, the Jane Doe Plaintiffs each seek over $1,000,000 in damages. *See, e.g.*, Doc. 1-5, Orig. Pet. ¶ 25, 171. Thus, diversity jurisdiction exists, and the Court has subject matter jurisdiction over these claims.

*Id.* Second, the Jane Doe Plaintiffs attach an affidavit of service stating Backpage was served on May 19, 2023, nine days after Salesforce removed to this Court. *See* Doc. 10-2, Ex. B, 4. Neither of these exhibits demonstrate these cases should be remanded.

The Court begins with the Agreement between the Jane Doe Plaintiffs' counsel and Ferrer's counsel. Federal Rule of Civil Procedure 4(e)(1) and 4(h)(1)(A) permit parties in federal court to serve an individual, as well as a business association, in accordance with state law. Under Texas law, a plaintiff may effectuate service upon a defendant by personal service or by registered or certified mail. Tex. R. Civ. P. 106(a). However,

> [a] defendant may accept service of process, or waive the issuance or service thereof by a written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought, sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause.

Tex. R. Civ. P. 119. The Jane Doe Plaintiffs argue the Agreement constitutes a proper acceptance of service. *See* Doc. 10, Mot. Remand, 2.

But the Agreement fails to establish Ferrer was properly served for two reasons. First, the Agreement is not sworn, as required by Rule 119. Tex. R. Civ. P. 119; *see Macs v. Lenahan*, 2018 WL 280469, at *2–3 (Tex. App.—San Antonio Jan. 3, 2018, pet. denied) (mem. op.) (holding an unsworn Rule 11 agreement between attorneys could not serve as valid Rule 119 waiver of service). Second, the Agreement was not "filed among the papers of the cause."[3] *See* Tex. R. Civ. P. 119; *Cerda v. 2004-EQRI, LLC*, 2007 WL 2892000, at *3 (W.D. Tex. Oct. 1, 2007) (finding a defendant's waiver ineffective where "no properly signed waiver was filed with the state court").

---

[3] Texas Rule of Civil Procedure 11 also requires that any "agreement between attorneys or parties" be "filed with the papers as part of the record" before it will be enforced.

For these reasons, the Court finds the Jane Doe Plaintiffs had not properly served Ferrer at the time of removal. Therefore, his consent was not required for Salesforce to remove to this Court.

The affidavit of service as to Backpage is similarly insufficient. It states Backpage was not served until after Salesforce removed on May 10, 2023. *See* Doc. 10-2, Ex. B, 4 (indicating Backpage was served on May 19, 2023). Because removal jurisdiction is determined by the facts in existence at the time of removal, *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020), this affidavit is irrelevant to the Court's analysis here. *See also Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) (stating that "post-removal events" will not trigger remand where "jurisdictional facts . . . determined at the time of removal" established removal was proper). The Jane Doe Plaintiffs have not shown Backpage was properly served at the time of removal. Thus, its consent was not necessary for removal.

## IV.

## CONCLUSION

Because the Jane Doe Plaintiffs have not demonstrated removal was improper, the Court **DENIES** the Jane Doe Plaintiffs' Motion to Remand (Doc. 10). Per the Court's consolidation order, Salesforce shall have **ONE MONTH** from the date of this Order to respond to the Jane Doe Plaintiffs' Petition. *See* Doc. 11, Mem. Op. & Order, 8.

**SO ORDERED.**

**SIGNED: August 23, 2023.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE